Matter of Thomas v New York City Hous. Auth. (2021 NY Slip Op 07549)





Matter of Thomas v New York City Hous. Auth.


2021 NY Slip Op 07549


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-03628
 (Index No. 524311/19)

[*1]In the Matter of Tarsha Thomas, appellant,
v
New York City Housing Authority, respondent.


Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
Herzfeld & Rubin, P.C., New York, NY (Linda M. Brown of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated April 24, 2020. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On April 30, 2019, the petitioner allegedly was injured when she tripped and fell on an uneven or broken sidewalk owned by the New York City Housing Authority (hereinafter NYCHA). In November 2019, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served upon NYCHA nunc pro tunc. In an order dated April 24, 2020, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Generally, in order to commence a tort action against a public authority, a claimant must serve a notice of claim within 90 days after accrual of the claim (see Public Housing Law § 157[2]; General Municipal Law §§ 50-e[1][a]; 50-i[1]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455; Matter of Brown v New York City Hous. Auth., 182 AD3d 594). A court may, in its discretion, extend the time to serve a notice of claim, provided that the extension does not exceed the time limit for the commencement of an action by the claimant against the public corporation (see General Municipal Law § 50-e[5]; Public Housing Law § 157[2]; Matter of R.N. v Village of New Sq., 164 AD3d 508, 509; Bazile v City of New York, 94 AD3d 929, 929). "Since the statutory notice requirement 'is not intended to operate as a device to frustrate the rights of individuals with legitimate claims,' and because of its remedial nature, it 'should be liberally construed'" (Matter of Ramos v New York City Hous. Auth., 162 AD3d 884, 885, quoting Matter of Porcaro v City of New York, 20 AD3d 357, 358).
In determining whether a petitioner should be granted leave to serve a late notice of claim upon a public housing authority, the court should consider, as key factors, whether the petitioner had a reasonable excuse for the delay in serving a notice of claim, whether the public housing authority acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or within a reasonable time thereafter, whether the petitioner made an excusable error concerning the identity of the public corporation against which the claim should be asserted, and [*2]whether the public housing authority will be substantially prejudiced by the delay in its defense on the merits (see General Municipal Law § 50-e[5]; Public Housing Law § 157[2]; Matter of Brown v New York City Hous. Auth., 182 AD3d 594).
Here, the Supreme Court providently exercised its discretion in denying the petition. The petitioner failed to demonstrate a reasonable excuse for service of the late notice of claim, which was a nullity, as it was made without leave of court (see W.Z. v New York City Health & Hosps. Corp., 185 AD3d 759, 761). The petitioner's contention that there was a misidentification of the responsible municipal corporation is improperly raised for the first time on appeal (see Matter of Voron v Board of Mgrs. of the Newswalk Condominium, 186 AD3d 833, 835; Cames v Craig, 181 AD3d 851, 852) and, in any event, does not constitute a reasonable excuse for the failure to timely serve a notice of claim (see Matter of Ramos v New York City Hous. Auth., 162 AD3d at 885). Moreover, the petitioner's failure to indicate the correct address for the location of the subject accident prejudiced NYCHA (see Torres v Town of Babylon, 123 AD3d 1007, 1008; Matter of Klass v City of New York, 103 AD3d 800, 801).
The petitioner's remaining contention is without merit.
RIVERA, J.P., IANNACCI, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court