Matter of McDonald v Village of Great Neck Estates (2022 NY Slip Op 02001)





Matter of McDonald v Village of Great Neck Estates


2022 NY Slip Op 02001


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2019-12962
 (Index No. 609167/19)

[*1]In the Matter of Jeanmarie McDonald, appellant,
v
Village of Great Neck Estates, respondent.


Buitrago & Associates, PLLC, New York, NY (Marcelo A. Buitrago and Rick J. Lasher of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered October 30, 2019. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
In determining whether a petitioner should be granted leave to serve a late notice of claim upon a public corporation, the court should consider, as key factors, whether the petitioner had a reasonable excuse for the delay in serving a notice of claim, whether the public corporation acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or within a reasonable time thereafter, and whether the public corporation will be substantially prejudiced by the delay in its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461; Matter of Bermudez v City of New York, 167 AD3d 733, 734).
Here, the error of the petitioner's counsel regarding the identity of the public corporation against which it should make a claim does not provide a reasonable excuse for the failure to serve a timely notice of claim on the Village of Great Neck Estates (see General Municipal Law § 50-e[5]; Matter of Thomas v New York City Housing Auth., 200 AD3d 1051, 1052; Matter of Ramos v New York City Hous. Auth., 162 AD3d 884, 885; Kelly v City of New York, 153 AD3d 1388, 1389; Matter of Burgess v County of Suffolk, 56 AD3d 769, 770). Moreover, the petitioner does not assert that the Village acquired actual knowledge of the essential facts of the claim within the 90-day statutory time period or within a reasonable time thereafter (see Matter of Perez v City of New York, 175 AD3d 1534, 1535). The petitioner also failed to present "some evidence or plausible argument" that the Village would not be substantially prejudiced by the delay in its defense on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Matter of Bermudez v City of New York, 167 AD3d at 735).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court