Matter of Vincent v City of New York (2022 NY Slip Op 04916)

Matter of Vincent v City of New York

2022 NY Slip Op 04916

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-05749
 (Index No. 506881/19)

[*1]In the Matter of Martin Vincent, et al., appellants,
v
City of New York, et al., respondents.

Eric H. Green (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Benjamin Pollak of counsel), for respondents.

DECISION & ORDER
In a proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc, the petitioners appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated June 30, 2020. The order, insofar as appealed from, denied that branch of the petition which was pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 13, 2018, the petitioners allegedly were injured in a motor vehicle accident involving a vehicle owned by the respondents. On March 26, 2019, the petitioners served a late notice of claim upon the respondents without leave of court, and subsequently commenced this proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc. By order dated June 30, 2020, the Supreme Court, inter alia, denied that branch of the petition, and the petitioners appeal.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Brown v City of New York, 202 AD3d 783 [internal quotation marks omitted]; see General Municipal Law § 50-e[5]; Matter of Reddick v New York City Hous. Auth., 188 AD3d 890, 890). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 460; Etienne v City of New York, 189 AD3d 1400, 1402).
Here, the petitioner failed to demonstrate a reasonable excuse for the late service of [*2]the notice of claim, which was a nullity, as it was made without leave of court (see Matter of Thomas v New York City Hous. Auth., 200 AD3d 1051), or for the untimeliness of the instant application, which was filed more than two months after the expiration of the 90-day statutory period.
Furthermore, contrary to the petitioners' contention, the respondents did not acquire actual knowledge of the essential facts constituting the petitioners' claim within the 90-day statutory period or a reasonable time thereafter. The direct involvement of the respondents' employee in the accident itself, without more, is not sufficient to establish that the respondents acquired actual notice of the essential facts constituting the claim (see Matter of D'Agostino v City of New York, 146 AD3d 880, 881; Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976). "In addition, the mere alleged existence of reports and other records . . . without evidence of their content, is insufficient to impute actual knowledge" to the respondents (Etienne v City of New York, 189 AD3d at 1402; see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000).
Finally, the petitioners failed to meet their burden of presenting some evidence or plausible argument that supports a finding that the delay would not substantially prejudice the respondents in maintaining their defense on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; cf. Matter of McGrue v City of New York, 195 AD3d 932; Matter of McVea v County of Orange, 186 AD3d 1221, 1223).
Accordingly, the Supreme Court properly denied that branch of the petition which was pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court