Matter of Hernandez v Incorporated Vil. of Val. Stream (2022 NY Slip Op 06006)

Matter of Hernandez v Incorporated Vil. of Val. Stream

2022 NY Slip Op 06006

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-06370
 (Index No. 603984/21)

[*1]In the Matter of Minerva Hernandez, appellant,
v
Incorporated Village of Valley Stream, respondent.

Borrell & Riso, LLP, Staten Island, NY (John Riso of counsel), for appellant.
Michael T. Hopkins & Associates, PLLC, Garden City, NY (Nicholas F. Miraglia of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated August 20, 2021. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On August 20, 2020, the petitioner allegedly was injured when she tripped and fell over a "cement concrete protrusion" in a "curb/driveway/street" in Valley Stream. Approximately one month later, the petitioner served a notice of claim upon the County of Nassau, which was the wrong entity. On March 29, 2021, more than seven months after the alleged accident, the petitioner served a notice of claim upon the Incorporated Village of Valley Stream. The petitioner thereafter commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the Village. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
In determining whether a petitioner should be granted leave to serve a late notice of claim upon a public corporation, the court should consider, as key factors, whether the petitioner had a reasonable excuse for the delay in serving the notice of claim, whether the public corporation acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or within a reasonable time thereafter, and whether the public corporation will be substantially prejudiced by the delay in its defense on the merits (see id.; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461; Matter of McDonald v Village of Great Neck Estates, 203 AD3d 1047, 1048; Matter of Bermudez v City of New York, 167 AD3d 733, 734).
Here, the error of the petitioner's counsel regarding the identity of the public corporation against which the claim should be brought did not provide a reasonable excuse for the failure to serve a timely notice of claim on the Village (see General Municipal Law § 50-e[5]; Matter of Shavreshyan v City of New York, 207 AD3d 470, 471; Matter of McDonald v Village of Great Neck Estates, 203 AD3d at 1048; Matter of Thomas v New York City Hous. Auth., 200 AD3d 1051, 1052; Matter of Ramos v New York City Hous. Auth., 162 AD3d 884, 885). Moreover, the petitioner did not assert that the Village acquired actual knowledge of the essential facts of the claim within [*2]the 90-day statutory time period or within a reasonable time thereafter (see Matter of Perez v City of New York, 175 AD3d 1534, 1535). In addition, the petitioner failed to satisfy her initial burden of showing that the Village would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Bermudez v City of New York, 167 AD3d at 735).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court