Matter of Rios v County of Nassau (2023 NY Slip Op 00094)

Matter of Rios v County of Nassau

2023 NY Slip Op 00094

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-07576
 (Index No. 603710/21)

[*1]In the Matter of Erik Rios, appellant,
v
County of Nassau, respondent.

Law Office of Vincent Bianco, Esq., P.C. (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Nassau County (David J. Gugerty, J.), entered September 30, 2021. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner allegedly sustained personal injuries on November 4, 2020, while riding on a bicycle path in the County of Nassau, when he hit a fallen tree branch and fell. On March 26, 2021, the petitioner served a notice of claim on the County, and on or about March 30, 2021, he filed an order to show cause and verified petition seeking leave to serve a late notice of claim upon the County, or to deem the notice of claim timely served nunc pro tunc. In an order entered September 30, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
In determining whether a petitioner should be granted leave to serve a late notice of claim upon a public corporation, the court should consider, as key factors, whether the petitioner had a reasonable excuse for the delay in serving a notice of claim, whether the public corporation acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or within a reasonable time thereafter, and whether the public corporation will be substantially prejudiced by the delay in its defense on the merits (see General Municipal Law § 50-e[5]; Matter of McDonald v Village of Great Neck Estates, 203 AD3d 1047, 1048; Matter of Brown v New York City Health & Hosps. Corp., 190 AD3d 969, 970; Matter of Reddick v New York City Hous. Auth., 188 AD3d 890).
Contrary to the petitioner's contentions, the petitioner did not establish that the County acquired actual knowledge of the essential facts of the claim within the 90-day period following the alleged incident or within a reasonable time thereafter by the petitioner submitting a request for documents under the Freedom of Information Law, as the request contained no reference to the alleged incident. Instead, the request merely sought information regarding any complaints [*2]about fallen tree limbs in the vicinity of the alleged incident (see Matter of Peterson v New York City Dept. of Envtl. Protection, 66 AD3d 1027, 1030; Matter of Carpenter v City of New York, 30 AD3d 594, 595). Moreover, the proffered excuse of law office failure is not a reasonable excuse for the delay in serving the notice of claim (see Matter of Lugo v GNP Brokerage, 185 AD3d 824, 826; Matter of Naar v City of New York, 161 AD3d 1081, 1083).
The petitioner presented a "plausible argument" that the County could conduct its investigation of the claim despite the delay, and thus would not be substantially prejudiced by the late notice (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466). In response, the County did not submit any particularized evidence rebutting the petitioner's showing of lack of prejudice (see id. at 468). Nevertheless, weighing the appropriate factors, the Supreme Court providently exercised its discretion in denying the petition given the County's lack of timely actual knowledge of the essential facts giving rise to the claim, and the petitioner's lack of reasonable excuse for the delay in serving the notice of claim (see Matter of Shumway v Town of Hempstead, 187 AD3d 758, 759-760; Matter of Charles v County of Orange, N.Y., 164 AD3d 1232, 1234).
The County's remaining contentions are academic in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court