Matter of Simpson v City of New York (2023 NY Slip Op 06746)

Matter of Simpson v City of New York

2023 NY Slip Op 06746

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-02699
 (Index No. 529084/21)

[*1]In the Matter of Mykeeya Simpson, appellant,
v
City of New York, respondent.

Subin Associates LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kelly A. Breslauer], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Elizabeth I. Freedman of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated February 16, 2022. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On May 7, 2021, while the petitioner was employed as a security guard at the Metropolitan Recreation Center, owned by the City of New York (hereinafter the City), in Brooklyn, she allegedly slipped and fell on an oily, greasy substance on the building's entry steps, sustaining injuries. On August 9, 2021, the petitioner served a late notice of claim upon the City without leave of court, and approximately three months later, commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. By order dated February 16, 2022, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals, and we affirm.
General Municipal Law § 50-e(5) requires the court to consider certain factors in determining whether to grant leave to serve a late notice of claim, including whether (1) the petitioner demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in maintaining a defense on the merits (see id.; Matter of D'Agostino v City of New York, 146 AD3d 880; Hudson v Patel, 146 AD3d 758; Kuterman v City of New York, 121 AD3d 646, 647). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460; Matter of Sumi v Village of Stewart Manor, 219 AD3d 490, 491).
Here, the petitioner failed to demonstrate a reasonable excuse for the late service of the notice of claim, which was a nullity, as it was made without leave of court (see Matter of Vincent v City of New York, 208 AD3d 589, 590; Matter of Ashkenazie v City of New York, 165 AD3d 785, [*2]786; Matter of Katsiouras v City of New York, 106 AD3d 916, 918). The petitioner also failed to demonstrate a reasonable excuse for the additional three-month delay in commencing this proceeding for leave to serve a late notice of claim (see Matter of Vincent v City of New York, 208 AD3d at 590).
Contrary to the petitioner's contention, the City did not acquire actual knowledge of the essential facts constituting the petitioner's claim within the 90-day statutory period or a reasonable time thereafter. Although the petitioner asserted that a City employee arrived at the site of the accident shortly after the accident, observed the allegedly dangerous condition, and spoke with her about completing her shift, those allegations, without more, are insufficient to establish that the City acquired actual notice of the essential facts constituting the claim (see Murnane v New York City Sch. Constr. Auth., 164 AD3d 506, 507-508; Matter of Kumar v Dormitory Auth. of the State of N.Y., 150 AD3d 1117, 1118; Matter of Valila v Town of Hempstead, 107 AD3d 813, 814; Matter of Bruzzese v City of New York, 34 AD3d 577, 578; see also Matter of Schifano v City of New York, 6 AD3d 259, 260).
To establish lack of substantial prejudice, the petitioner must meet a threshold burden of presenting some evidence or plausible argument that supports a finding of no substantial prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 460-461; Matter of Shumway v Town of Hempstead, 187 AD3d 758, 759). "Such a showing need not be extensive" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 646). Once this initial showing has been made, the respondent must respond "with a particularized evidentiary showing" that it will be substantially prejudiced if the late notice is allowed (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). Here, the petitioner presented a plausible argument that the late notice will not substantially prejudice the City because the alleged oily, greasy condition was highly transitory such that the City would have been in the same position regarding any investigation even if the notice of claim had been timely served (see Matter of Ortiz v Westchester County, 208 AD3d 487, 489; Matter of Shumway v Town of Hempstead, 187 AD3d at 759; cf. Matter of St. Hilaire v New York City Hous. Auth., 216 AD3d 645). In opposition, the City failed to make "a particularized evidentiary showing that [it] will be substantially prejudiced if the late notice is allowed" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; see Matter of Shumway v Town of Hempstead, 187 AD3d at 759).
Nevertheless, upon consideration of the balance of the relevant factors (see General Municipal Law § 50-e[5]), the Supreme Court providently exercised its discretion in denying leave to serve a late notice of claim.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court