Jeudy v City of New York (2024 NY Slip Op 03885)

Jeudy v City of New York

2024 NY Slip Op 03885

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-02145
 (Index No. 533/20)

[*1]Lamartine P. Jeudy, etc., appellant,
v
City of New York, respondent.

Bogoraz Law Group, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Ingrid R. Gustafson and Hannah J. Sarokin of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated October 29, 2021. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On July 1, 2019, the petitioner's son allegedly was injured when a motor vehicle, in which he was a passenger, was struck in the rear by a truck operated by an employee of the New York City Department of Sanitation. In February 2020, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for failing to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (Matter of Salazar v City of New York, 212 AD3d 633, 634 [internal quotation marks omitted]; see General Municipal Law § 50-e[5]; Lobos v City of New York, 219 AD3d 720, 721-722; Matter of Sumi v Village of Stewart Manor, 219 AD3d 490, 491). "The presence or absence of any factor is not determinative" (Matter of Simpson v City of New York, 222 AD3d 986, 986; see Matter of Sumi v Village of Stewart Manor, 219 AD3d at 491).
The petitioner failed to demonstrate a reasonable excuse for his failure to serve a timely notice of claim (see Matter of Simpson v City of New York, 222 AD3d at 987; Lobos v City [*2]of New York, 219 AD3d at 722).
Further, the evidence submitted by the petitioner did not establish that the City had actual knowledge of the essential facts constituting the claim within the requisite period or a reasonable time thereafter (see Matter of Dutra v City of New York, 224 AD3d 682, 683; Parker v City of New York, 206 AD3d 936, 938). "As a general rule, knowledge of an accident or occurrence by a municipality's police or fire department cannot be imputed to another public or municipal corporation" (Matter of Russ v New York City Hous. Auth., 198 AD2d 361, 362; see Parker v City of New York, 206 AD3d at 938).
The petitioner also failed to meet his initial burden of demonstrating that the City would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Salazar v City of New York, 212 AD3d at 635).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court