Matter of Crawford v City of New York (2025 NY Slip Op 02341)

Matter of Crawford v City of New York

2025 NY Slip Op 02341

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-09370
2023-10344
 (Index No. 711277/23)

[*1]In the Matter of Tracy Crawford, appellant,
v
City of New York, et al., respondents.

Belushin Law Firm, P.C., Brooklyn, NY (Vel Belushin and Georgette Hamboussi of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson, Julie Steiner, and Shane Magnetti of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 3, 2023, and (2) an order of the same court entered October 4, 2023. The order entered August 3, 2023, denied the petition and, in effect, dismissed the proceeding. The order entered October 4, 2023, denied the petitioner's motion for leave to reargue and renew the petition.
ORDERED that the order entered August 3, 2023, is affirmed; and it is further,
ORDERED that the appeal from so much of the order entered October 4, 2023, as denied that branch of the petitioner's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Fox v Gross, 219 AD3d 584, 584); and it is further,
ORDERED that the order entered October 4, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
On June 3, 2022, the petitioner allegedly was injured in a motor vehicle accident involving a vehicle owned by the respondents, City of New York and New York City Department of Transportation (hereinafter together the City), and operated by a City employee. On October 13, 2022, the petitioner served a late notice of claim upon the City without leave of court, and approximately eight months later, the petitioner commenced this proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. By order entered August 3, 2023, the Supreme Court denied the petition and, in effect, dismissed the proceeding.
Thereafter, the petitioner moved for leave to reargue and renew the petition. In an order entered October 4, 2023, the Supreme Court denied the petitioner's motion. The petitioner [*2]appeals from both orders.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Vincent v City of New York, 208 AD3d 589, 589-590 [internal quotation marks omitted]; see General Municipal Law § 50-e(5); Matter of D'Agostino v City of New York, 146 AD3d 880; Hudson v Patel, 146 AD3d 758; Kuterman v City of New York, 121 AD3d 646, 647; Matter of Valila v Town of Hempstead, 107 AD3d 813, 814). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 460; Matter of Sumi v Village of Stewart Manor, 219 AD3d 490, 492).
Contrary to the petitioner's contention, the City did not acquire actual knowledge of the essential facts constituting the petitioner's claim within the 90-day statutory period or a reasonable time thereafter. The direct involvement of the City's employee in the accident itself was not sufficient to establish that the City acquired actual notice of the essential facts constituting the claim (see Matter of Jaime v City of New York, 41 NY3d 531, 543; Matter of Vincent v City of New York, 208 AD3d at 590). Although the petitioner asserted that an unidentified supervisor arrived at the accident site after the accident already had occurred, the petitioner's additional contentions that the supervisor investigated the accident or completed accident reports are speculative (see Washington v City of New York, 72 NY2d 881, 883; State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth., 35 AD3d 718, 718). There is no indication in the record as to who completed the accident report dated June 3, 2022, nor is there any indication as to who filed that report with the New York State Department of Motor Vehicles (hereinafter the DMV). In any event, the accident report dated June 3, 2022, did not provide actual notice of the facts constituting the petitioner's claim that he sustained serious injuries as a result of the City's negligence (see Matter of Molme v New York City Tr. Auth., 177 AD3d 601, 602; Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725, 726). Further, any alleged knowledge that could be obtained from an accident report dated June 14, 2022, which the petitioner filed with the DMV, as well as an investigation conducted by the DMV, cannot be imputed to the City, a separate entity from the DMV (see Matter of Jaime v City of New York, 41 NY3d at 543 n 3; Matter of Almeida v City of New York, 227 AD3d 890, 892).
In addition, the petitioner failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim. The conclusory assertion that the delay was occasioned by the petitioner concentrating on his medical treatment, without any supporting medical documentation or evidence, was insufficient to constitute a reasonable excuse (see Matter of Lang v County of Nassau, 210 AD3d 773, 775; Etienne v City of New York, 189 AD3d 1400, 1402; Matter of Bermudez v City of New York, 167 AD3d 733, 734; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 978). The Supreme Court properly declined to consider the petitioner's medical records, which were improperly submitted to the court by the petitioner for the first time with his reply papers (see Matter of Wright v City of New York, 99 AD3d 717, 719; Conte v Valley Stream Cent. High School Dist., 23 AD3d 328, 329).
The petitioner also failed to meet his burden of presenting some evidence or plausible argument to support a finding that the delay would not substantially prejudice the City in maintaining its defense on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d at 727; Matter of Fernandez v City of New York, 131 AD3d 532, 533).
Accordingly, the Supreme Court providently exercised its discretion in denying the [*3]petition and, in effect, dismissing the proceeding.
The Supreme Court also properly denied that branch of the petitioner's motion which was for leave to renew the petition, as the petitioner failed to offer a reasonable justification for failing to offer the purported new facts and evidence in support of his original petition (see CPLR 2221[e][2]; MD Aminul Islam v New York City Health & Hosps. Corp., 224 AD3d 819, 820; Matter of Korman v Bellmore Pub. Schools, 62 AD3d 882, 884).
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court