Matter of Cooke v Mamaroneck Union Free Sch. Dist. (2025 NY Slip Op 03062)

Matter of Cooke v Mamaroneck Union Free Sch. Dist.

2025 NY Slip Op 03062

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-08129
 (Index No. 58270/23)

[*1]In the Matter of Sonia Cooke, et al., respondents,
v
Mamaroneck Union Free School District, appellant.

Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
Goldblatt & Associates, P.C., Mohegan Lake, NY (Kenneth B. Goldblatt of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the Mamaroneck Union Free School District appeals from an order of the Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated June 26, 2023. The order granted the petition.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
On October 6, 2022, the petitioner Sonia Cooke, a licensed practical nurse who was hired to provide nursing care to the infant M. C., allegedly was injured when M. C. struck her while they were on a stairway in M. C.'s elementary school. In March 2023, the petitioners commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the Mamaroneck Union Free School District (hereinafter the District). In an order dated June 26, 2023, the Supreme Court granted the petition. The District appeals.
"Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises" (Matter of Vincent v City of New York, 208 AD3d 589, 589; see Matter of Alexander v County of Nassau, 227 AD3d 888, 889). However, "[p]ursuant to General Municipal Law § 50-e(5), a court has the discretion to permit the service of a late notice of claim" (Matter of Wieman-Gibson v County of Suffolk, 206 AD3d 666, 666 [internal quotation marks omitted]; see Matter of Vincent v City of New York, 208 AD3d at 589). "In determining whether to grant a petition for leave to serve a late notice of claim . . . , the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Vincent v City of New York, 208 AD3d at 589-590 [internal quotation marks omitted]; see Matter of Simpson v City of New York, 222 AD3d 986, 986; Matter of Brown v City of New York, 202 AD3d 783, 783). While no single factor is necessarily determinative, "whether the [public corporation] timely acquired actual [*2]knowledge is of great importance" (C.A. v Academy Charter Sch., 216 AD3d 1075, 1077 [internal quotation marks omitted]).
Contrary to the petitioners' contention, the evidence submitted in support of the petition failed to establish that the District acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. "Actual knowledge of the essential facts underlying the claim means knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (Matter of Ippolito v City of New York, 230 AD3d 683, 684 [internal quotation marks omitted]; see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000). "[K]nowledge of the accident itself and the seriousness of the injury does not satisfy this enumerated factor where those facts do not also provide the public corporation with knowledge of the essential facts constituting the claim" (Matter of Quinones v City of New York, 160 AD3d 874, 876 [internal quotation marks omitted]; see Matter of Vincent v City of New York, 208 AD3d at 590).
Here, while an employee incident report, a police incident report, and the involvement of an employee of the District in the incident may have established the District's actual knowledge of the incident, they did not provide the District with actual knowledge of all of the essential facts underlying the claim (see Matter of Quinones v City of New York, 160 AD3d at 876). Among other things, although the District was presumably aware that M. C.'s individualized education program (hereinafter IEP) allegedly required him to have an aide with him at all times due to aggression, and that no such aide had been assigned to him at the time of the incident, neither the IEP nor the incident reports described the incident while making a connection between Cooke's injuries and negligent conduct on the part of the District (see C.A. v Academy Charter Sch., 216 AD3d at 1077; Matter of Wieman-Gibson v County of Suffolk, 206 AD3d at 667).
Furthermore, the petitioners' allegation that Cooke suffered injuries as a result of the incident that prevented her from leaving her residence, without any supporting medical documentation or other evidence showing a nexus between the injuries and the delay in serving a notice of claim, was insufficient to constitute a reasonable excuse for the delay in serving a notice of claim (see Matter of Ionescu v City of New York, 230 AD3d 1143, 1145; Matter of Bermudez v City of New York, 167 AD3d 733, 734).
Finally, while the petitioners satisfied their initial burden of establishing a lack of substantial prejudice to the District, and the District failed to rebut that showing with particularized evidence of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467; Matter of Simpson v City of New York, 222 AD3d at 987), the balancing of the actual knowledge and reasonable excuse factors weighed against granting leave to serve a late notice of claim (see Matter of Ippolito v City of New York, 230 AD3d at 686; Matter of Rios v County of Nassau, 212 AD3d 631, 633).
Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition.
In view of the foregoing, we need not reach the District's remaining contention.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court