Matter of Giustra v New York City Health & Hosps. Corp. (2025 NY Slip Op 06862)

Matter of Giustra v New York City Health & Hosps. Corp.

2025 NY Slip Op 06862

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-11012
 (Index No. 151267/23)

[*1]In the Matter of Allison Giustra, etc., respondent,
vNew York City Health and Hospitals Corporation, etc., appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Hannah J. Sarokin of counsel), for appellant.
Napoli Shkolnik PLLC, Melville, NY (Joseph L. Ciaccio of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, New York City Health and Hospitals Corporation appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated October 24, 2023. The order granted the petition.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
From January 2021 until the end of December 2021, Bernard Jordon (hereinafter the decedent) was a resident of a facility owned and operated by New York City Health and Hospitals Corporation (hereinafter the appellant). The decedent contracted COVID-19 while a resident at the facility and, as a result, was transferred to Staten Island University Hospital on December 30, 2021. The decedent died on January 10, 2022. Limited letters of administration were issued on April 21, 2022, appointing the petitioner, Allison Giustra, the decedent's daughter, as the estate representative.
On July 10, 2023, the petitioner, as administrator of the estate, commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the appellant, alleging medical malpractice, violations of the Public Health Law, negligence, and wrongful death.
In an order dated October 24, 2023, the Supreme Court granted the petition for leave to serve a late notice of claim and directed the petitioner to serve the late notice of claim within 14 days of the order. This appeal ensued.
"In determining whether to grant leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would [*2]substantially prejudice the public corporation in its defense" (Matter of Akangi v New York City Health & Hosps. Corp., 233 AD3d 777, 778 [internal quotation marks omitted]; see Santos v Westchester Med. Ctr., 216 AD3d 1121, 1122). "While the presence or absence of any one factor is not necessarily determinative, whether the public corporation had actual knowledge of the essential facts constituting the claim is a factor of great importance" (Matter of Akangi v New York City Health & Hosps. Corp., 233 AD3d at 778 [internal quotation marks omitted]; see Y.P. v City of New York, 230 AD3d 1332, 1333), "which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence" (Matter of Jaime v City of New York, 41 NY3d 531, 540).
Here, the record does not demonstrate that the appellant acquired actual knowledge of the facts constituting the claim. "Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on plaintiff" (Williams v Nassau County Med. Ctr., 6 NY3d 531, 537). The petitioner's "failure to submit evidence of the contents of the alleged records is fatal to [her] argument that the [appellant] acquired actual knowledge from the existence of such records" (Matter of Jaime v City of New York, 41 NY3d at 543; see Matter of Vincent v City of New York, 208 AD3d 589, 590; Pannell v New York City Health & Hosps. Corp., 192 AD3d 1130, 1132). Additionally, there is no suggestion in the record that the appellant refused to produce the medical records or that the petitioner sought to compel the appellant to produce any papers necessary to the determination of the petition pursuant to CPLR 409(a) (see Matter of Jaime v City of New York, 41 NY3d at 543).
Based on the foregoing, the petitioner's contention that the appellant would not be substantially prejudiced by the late filing because it acquired timely actual knowledge through possession of the medical records is without merit (see id.; cf. Matter of Bergado v New York City Health & Hosps. Corp., 233 AD3d 676). Further, the letters from the petitioner's counsel to the appellant requesting medical records were insufficient to confer notice upon the appellant of the allegations raised in the proposed notice of claim.
Finally, the petitioner's assertion that an intake clerk at the petitioner's counsel's firm failed to properly identify the appellant amounts to an assertion of law office failure, which is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (see Matter of Alexander v County of Nassau, 227 AD3d 888, 889; Matter of Rios v County of Nassau, 212 AD3d 631, 632-633). Additionally, any assertion that the delay was attributable to the decedent's death was insufficient to constitute a reasonable excuse without a showing of any nexus between the death and the delay (see Matter of F.Z. v City of New York, 228 AD3d 946, 948; Matter of Kumar v Dormitory Auth. of the State of N.Y., 150 AD3d 1117, 1118).
Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court