Matter of Corr v Nassau BOCES (2026 NY Slip Op 01508)

Matter of Corr v Nassau BOCES

2026 NY Slip Op 01508

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-06147
 (Index No. 607577/23)

[*1]In the Matter of Michael Corr, appellant,
vNassau BOCES, respondent.

Parker Waichman LLP (Law Office of Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Kathleen D. Foley of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5), inter alia, for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Danielle M. Peterson, J.), dated March 21, 2024. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On April 13, 2022, the petitioner allegedly was injured when a vehicle he was operating was struck by a vehicle owned by the respondent, Nassau BOCES, and operated by nonparty Eric Falkenstrom. On May 4, 2023, the petitioner served a notice of claim upon Nassau BOCES, and thereafter on May 8, 2023, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5), inter alia, for leave to serve a late notice of claim upon the respondent. In an order dated March 21, 2024, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, . . . the notice of claim shall comply with and be served . . . within ninety days after the claim arises" (General Municipal Law § 50-e[1][a]). "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (Matter of Ippolito v City of New York, 230 AD3d 683, 683-684 [internal quotation marks omitted]; see Matter of Simpson v City of New York, 222 AD3d 986, 986). "'Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance'" (Matter of Ippolito v City of New York, 230 AD3d at 684, quoting Matter of C.N. v City of New York, 208 AD3d 784, 785; see Matter of Roman v New York City Hous. Auth., 212 AD3d 816, 818).
Here, the petitioner failed to assert any excuse for his failure to serve a timely notice of claim and the delay in commencing this proceeding (see Matter of Grandberry v City of New York, 206 AD3d 654, 655-656; Matter of Molme v New York City Tr. Auth., 177 AD3d 601, 602). Moreover, the respondent did not acquire timely, actual knowledge of the essential facts constituting the claim that the petitioner had sustained serious injuries as a result of the negligence of the respondent's employee (see Matter of Grandberry v City of New York, 206 AD3d at 655; Matter of Molme v New York City Tr. Auth., 177 AD3d at 602; Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725, 726). Despite Falkenstrom's participation in the accident, the petitioner failed to demonstrate that Falkenstrom or any other employee of the respondent had knowledge that the petitioner had sustained any injury from the accident. Accordingly, the respondent had no reason to conduct a prompt investigation into the accident (see Matter of Grandberry v City of New York, 206 AD3d at 655; Matter of Charles v County of Orange, N.Y., 164 AD3d 1232, 1233; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 912). Finally, the petitioner failed to meet his initial burden of demonstrating that the respondent would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Anderson v City of New York, 237 AD3d 927, 928; Matter of Molme v New York City Tr. Auth., 177 AD3d at 602).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court