Matter of Lugo v GNP Brokerage (2020 NY Slip Op 03914)





Matter of Lugo v GNP Brokerage


2020 NY Slip Op 03914


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-14890
 (Index No. 505688/18)

[*1]In the Matter of Johanny M. Lugo, appellant,
v
GNP Brokerage, et al., respondents; City of New York, nonparty-respondent.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Lorenzo DiSilvio of counsel; Tianqi Lei on the brief), for nonparty-respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5), the petitioner appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated October 19, 2018. The order denied the petition for leave to serve a late notice of claim and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On January 4, 2017, the petitioner allegedly was injured in a motor vehicle accident when, while operating her vehicle, it was struck by another vehicle. An emergency medical services vehicle (hereinafter EMS vehicle), owned by the City of New York, responded to the scene and, as it was backing up, struck the petitioner's vehicle. A police accident report was prepared by a police officer who responded to the scene. On March 20, 2018, the petitioner filed a petition seeking leave to serve a late notice of claim upon the City, yet the City was not named as a party in the proceeding. The City opposed the petition. In an order dated October 19, 2018, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
General Municipal Law § 50-e requires that, prior to commencing an action sounding in tort against a municipality or public corporation, a notice of claim be served upon the municipality or public corporation within 90 days after the date that the claim arises (see General Municipal Law § 50-e[1][a]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). In determining whether to grant a petition for leave to serve a late notice of claim, the court must consider whether (1) the claimant had demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality or public corporation in maintaining its defense (see General Municipal Law § 50-e[5]; Matter of Perez v City of New York, 175 AD3d 1534, 1535; Matter of Bermudez v City of New York, 167 AD3d 733, 734). "The most important factor based on its placement in the statute and its relation to other relevant factors is whether the [municipal] corporation acquired actual notice of the essential facts constituting the claim within 90 [*2]days of the accrual of the claim or within a reasonable time thereafter" (Matter of D'Agostino v City of New York, 146 AD3d 880, 880 [internal quotation marks omitted]; see Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 777). "Generally, knowledge of a police officer or of a police department cannot be considered actual knowledge of the [municipal] corporation itself regarding the essential facts of a claim" (Caselli v City of New York, 105 AD2d 251, 255; see Matter of D'Agostino v City of New York, 146 AD3d at 881).
Contrary to the petitioner's contention, the City did not acquire timely, actual knowledge of the essential facts constituting the petitioner's claim by virtue of the police accident report. "A report which describes the circumstances of the accident without making a connection between the petitioner's injuries and negligent conduct on the part of the [municipal] corporation will not be sufficient to constitute actual notice of the essential facts constituting the claim" (Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 977; see Matter of Thompson v City of New York, 95 AD3d 1024, 1025). Here, the police accident report stated that the EMS vehicle caused "no damage" to the petitioner's vehicle, and did not indicate that there was any connection between the petitioner's alleged injuries and any negligent conduct on the part of the operator of the EMS vehicle. Thus, the petitioner failed to establish that the police accident report provided actual notice of the facts constituting the petitioner's claim that she sustained serious injuries as a result of the City's negligence (see Matter of Molme v New York City Tr. Auth., 177 AD3d 601; Matter of D'Agostino v City of New York, 146 AD3d at 881; Matter of Wright v City of New York, 66 AD3d 1037, 1038).
Furthermore, the petitioner's unsubstantiated claim of law office failure by her former attorney does not constitute a reasonable excuse for the failure to serve a timely notice of claim and the delay in commencing this proceeding (see Matter of Naar v City of New York, 161 AD3d 1081, 1083; Grasso v Nassau County, 109 AD3d 579, 580; Matter of Gunsam v Eastern Suffolk Bd. of Coop. Educ. Servs., 109 AD3d 542, 543; Matter of Hill v New York City Tr. Auth., 68 AD3d 866, 867). Moreover, the petitioner failed to present "some evidence or plausible argument" supporting a finding that the City would not be substantially prejudiced by the nearly one-year delay in seeking leave to serve a notice of claim (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466). Notably, the delay prevented the City from promptly conducting a thorough investigation and interviewing witnesses while their memories were still fresh (see Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725, 727; Matter of Fernandez v City of New York, 131 AD3d 532, 533; Matter of Joseph v City of New York, 101 AD3d 721, 722).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court