Etienne v City of New York (2020 NY Slip Op 07886)





Etienne v City of New York


2020 NY Slip Op 07886


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-05757
 (Index No. 525286/18)

[*1]In the Matter of Jean Marie Etienne, et al., appellants, 
v
City of New York, respondent. Pops & Associates (Thomas Torto, New York, NY, of counsel), for appellants.


James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Antonella Karlin of counsel; Edwin Torres on the brief), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated February 13, 2019. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On November 27, 2017, Jean Marie Etienne and Yollande Andre-Poteau (hereinafter together the petitioners) allegedly were injured when the school bus in which they were occupants was sideswiped in Brooklyn by a fire truck owned by the Fire Department of the City of New York (hereinafter the FDNY). At the time of the accident, the petitioners were employees of New Dawn Transit. Etienne was the operator of the bus and Andre-Poteau was a bus matron.
On December 11, 2018, the petitioners commenced a personal injury action against the City of New York. On December 21, 2018, they commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City. In support, the petitioners submitted, inter alia, a proposed notice of claim, which alleged that each petitioner sustained severe injuries to the neck, back, and extremities as a result of the accident. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.
General Municipal Law § 50-e(1)(a) provides, in relevant part, that "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, . . . the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises."
In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a [*2]reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in its defense (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461; Williams v Nassau County Med. Ctr., 6 NY3d 531, 539; Constantino v City of New York, 165 AD3d 1225, 1225-1126). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; Matter of City of New York v County of Nassau, 146 AD3d 948, 950). However, "whether the public corporation acquired timely, actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter is a factor which should be accorded great weight in determining whether to grant leave to serve a late notice of claim" (Matter of Messick v Greenwood Lake Union Free Sch. Dist., 164 AD3d 1448, 1450).
Contrary to the petitioners' contention, the City did not acquire timely, actual knowledge of the essential facts constituting the claim.
The police accident report was inadequate to provide the City with actual knowledge of the facts constituting the claim against it, since it failed to alert the City to the petitioners' claim that they had been seriously injured as a result of the accident (see Matter of Molme v New York City Tr. Auth., 177 AD3d 601, 602; Matter of Naar v City of New York, 161 AD3d 1081, 1083; Matter of Walker v Riverhead Cent. Sch. Dist., 107 AD3d 727, 728; Matter of Keyes v City of New York, 89 AD3d 1086).
Further, the petitioners' contention that the City acquired actual knowledge of the claim based on the allegations that its employees were directly involved in the accident and that the police responded to the scene, without more, such as a report or other evidence demonstrating that the City acquired timely, actual knowledge of the essential facts constituting the claim, is without merit (see Matter of Brown v City of New York, 174 AD3d 800, 801-802; Matter of Naar v City of New York, 161 AD3d at 1083; Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 977; Matter of Thompson v City of New York, 95 AD3d 1024, 1025). In addition, the mere alleged existence of reports and other records created by the FDNY and the New York City Police Department, without evidence of their content, is insufficient to impute actual knowledge to the City (see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000; Matter of Hamilton v City of New York, 145 AD3d 784).
The petitioners' assertions that their physicians needed an unspecified amount of time to determine whether their injuries were serious, and that their attorney was suffering from congestive heart failure, without any supporting medical documentation, were insufficient to constitute a reasonable excuse for the nearly 10-month delay in serving a notice of claim (see Matter of Bermudez v City of New York, 167 AD3d 733, 734; Matter of Walker v Riverhead Cent. Sch. Dist., 107 AD3d at 728; Knight v City of New York, 193 AD2d 720, 722; Civello v Grossman, 192 AD2d 636).
Given the nearly 10-month delay in seeking leave to serve a late notice of claim, the petitioners failed to sustain their initial burden of presenting "some evidence or plausible argument" that granting the petition would not substantially prejudice the City in maintaining its defense on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Matter of Molme v New York City Tr. Auth., 177 AD3d at 602; Matter of Galicia v City of New York, 175 AD3d 681, 684; Matter of Naar v City of New York, 161 AD3d at 1083).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court