Matter of Brown v City of New York (2022 NY Slip Op 00860)





Matter of Brown v City of New York


2022 NY Slip Op 00860


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-06370
 (Index No. 524696/18)

[*1]In the Matter of Pincus Brown, appellant,
v
City of New York, et al., respondents.


Wolf & Associates, PLLC, Brooklyn, NY (Martin Wolf of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Scott Shorr and Eva L. Jerome of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 8, 2019. The order denied the petition.
ORDERED that the order is affirmed, with costs.
The petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York and the New York City Department of Transportation (hereinafter together the City) or to deem a late notice of claim timely served nunc pro tunc. The Supreme Court denied the petition, and the petitioner appeals.
"'In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits'" (Matter of Reddick v New York City Hous. Auth., 188 AD3d 890, 890, quoting Matter of Nadler v City of New York, 166 AD3d 618, 619; see General Municipal Law § 50-e[5]).
Here, the City did not acquire actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day period (see Matter of Ashkenazie v City of New York, 165 AD3d 785, 786; Matter of Sanchez v City of New York, 116 AD3d 703, 704; Matter of Valila v Town of Hempstead, 107 AD3d 813, 815). Further, the petitioner failed to meet his burden of presenting some evidence or plausible argument that supports a finding that the delay would not substantially prejudice the City in maintaining its defense on the merits (see Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455, 466). Finally, the petitioner failed to demonstrate a reasonable excuse for his failure to serve a timely notice of claim (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 120 AD3d 1082, 1083, affd 27 NY3d 672; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 151; Casias v City of New York, [*2]39 AD3d 681).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court