Matter of Clarke v Veolia Transp. Servs., Inc. (2022 NY Slip Op 02262)

Matter of Clarke v Veolia Transp. Servs., Inc.

2022 NY Slip Op 02262

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2019-09684
 (Index No. 601840/19)

[*1]In the Matter of Joan Clarke, appellant,
v
Veolia Transportation Services, Inc., et al., respondents.

Elovich & Adell, Long Beach, NY (Mitchel Sommer of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Nolen and Adam Schwartzstein of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered July 18, 2019. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On April 9, 2018, the petitioner allegedly sustained personal injuries when she fell while exiting a bus owned by the respondent County of Nassau and operated by the respondents Veolia Transportation Services, Inc., and Transdev Services, Inc. On February 7, 2019, the petitioner commenced this proceeding for leave to serve a late notice of claim upon the respondents. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
A party seeking to sue a public corporation must serve a notice of claim on the public corporation within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). However, a court, in its discretion, may extend the time for a petitioner to serve a notice of claim (see General Municipal Law § 50-e[5]). "'In determining whether to grant a petition for leave to serve a late notice of claim . . . [the] court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim'" (Matter of Cruz v Transdev Servs., Inc., 160 AD3d 729, 730, quoting Matter of Weaver v City of New York, 138 AD3d 873, 874; see General Municipal Law § 50-e[5]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Cruz v Transdev Servs., Inc., 160 AD3d at 730 [internal quotation marks omitted]; see Etienne v City of New York, 189 AD3d 1400, 1401). "The determination of an application for leave to serve a late notice of claim is left to the sound discretion of the court" (Matter of Cruz v Transdev Servs., Inc., 160 AD3d at 730 [internal quotation marks omitted]; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465).
Here, the petitioner failed to establish that the respondents acquired actual knowledge of the essential facts constituting the claim within 90 days after its accrual or a reasonable time [*2]thereafter. The police accident report relied upon by the petitioner does not contain facts from which it can be readily inferred that a potentially actionable wrong had been committed by the respondents (see Durand v MV Transp., Inc., 186 AD3d 564, 565-566; Matter of Cruz v Transdev Servs., Inc., 160 AD3d at 731; Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000). Although the responding officer noted that the petitioner was removed by ambulance from the scene, there is nothing in the report from which the respondents would infer actionable conduct on the part of the bus operator, as asserted in the petition.
Moreover, the petitioner's application for no-fault benefits is insufficient to satisfy the notice of claim requirements of General Municipal Law § 50-e (see Astree v New York City Tr. Auth., 31 AD3d 589; Delisca v Liberty Lines Tr., 272 AD2d 291, 292).
Further, the petitioner did not provide a reasonable excuse for her failure to serve a timely notice of claim upon the respondents, as ignorance of the law does not constitute a reasonable excuse (see Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211; Matter of Romeo v Long Is. Power Auth., 133 AD3d 667, 669; Matter of Bhargava v City of New York, 130 AD3d 819, 820), nor do purported delays caused by unsubstantiated medical treatment (see Etienne v City of New York, 189 AD3d at 1402; Matter of Walker v Riverhead Cent. Sch. Dist., 107 AD3d 727, 728).
In addition, the petitioner failed to sustain her initial burden of presenting "some evidence or plausible argument" that granting the petition would not substantially prejudice the respondents in maintaining their defense on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Durand v MV Transp., Inc., 186 AD3d at 566).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court