Matter of Robinson v City of New York (2022 NY Slip Op 04915)

Matter of Robinson v City of New York

2022 NY Slip Op 04915

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-08466
 (Index No. 721070/19)

[*1]In the Matter of Carlos Robinson, appellant,
v
City of New York, et al., respondents.

Raskin & Kremins, LLP, New York, NY (Michael F. Kremins of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Eva L. Jerome of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 6, 2020. The order, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Brown v City of New York, 202 AD3d 783, 783 [internal quotation marks omitted]; see General Municipal Law § 50-e[5]; Matter of Reddick v New York City Hous. Auth., 188 AD3d 890, 890). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 460; Etienne v City of New York, 189 AD3d 1400, 1402).
Here, the Supreme Court providently exercised its discretion when it, in effect, denied the petition and dismissed the proceeding. The petitioner failed to demonstrate a reasonable excuse for service of the late notice of claim, which was a nullity, as it was made without leave of court (see Matter of Thomas v New York City Hous. Auth., 200 AD3d 1051), or for the fact that this proceeding was commenced more than two months after expiration of the 90-day statutory period. Moreover, the petitioner's ignorance of the law and unsubstantiated claim of law office failure by his attorney do not constitute a reasonable excuse for the failure to serve a timely notice of claim and the delay in commencing this proceeding (see Matter of Lugo v GNP Brokerage, 185 AD3d 824, 826; Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214).
Contrary to the petitioner's contention, the respondents did not acquire timely, actual knowledge of the essential facts constituting the petitioner's claim. The petitioner's contention that the respondents acquired actual knowledge of the claim based on allegations that the respondents' employees "were directly involved in the accident . . . without more, such as a report or other evidence demonstrating that the [respondents] acquired timely, actual knowledge of the essential facts constituting the claim, is without merit" (Etienne v City of New York, 189 AD3d at 1401-1402; see Brown v City of New York, 174 AD3d 800, 801). Moreover, the mere alleged existence of reports and other records created by the respondents, without evidence of their existence or content, is insufficient to impute actual knowledge to the respondents (see Etienne v City of New York, 189 AD3d at 1402; Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000).
Finally, the petitioner failed to meet his burden of presenting some evidence or plausible argument that supports a finding that the delay would not substantially prejudice the respondents in maintaining their defense on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; cf. Matter of McGrue v City of New York, 195 AD3d 932; Matter of McVea v County of Orange, 186 AD3d 1221, 1223).
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court