Matter of Sumi v Village of Stewart Manor (2023 NY Slip Op 04127)

Matter of Sumi v Village of Stewart Manor

2023 NY Slip Op 04127

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-04181
 (Index No. 611532/21)

[*1]In the Matter of Shamima N. Sumi, appellant,
v
Village of Stewart Manor, respondent.

Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., of counsel), for appellant.
Keith J. Conway, Melville, NY (Shannon Davis of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated April 28, 2022. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Brown v City of New York, 202 AD3d 783, 783 [internal quotation marks omitted]; see General Municipal Law § 50-e[5]; Matter of Reddick v New York City Hous. Auth., 188 AD3d 890, 890). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 460; Etienne v City of New York, 189 AD3d 1400, 1402).
Here, the Supreme Court providently exercised its discretion in denying the petition pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc and in dismissing the proceeding. The petitioner failed to demonstrate a reasonable excuse for service of the late notice of claim, which was a nullity, as it was made without leave of court (see Matter of Thomas v New York City Hous. Auth., 200 AD3d 1051), or for the more than three-month delay in commencing this proceeding after the expiration of the 90-day statutory period. Moreover, the petitioner's ignorance of the law and claim of law office failure by her attorney did not constitute a reasonable excuse for the failure to serve a timely notice of claim and the delay in commencing this proceeding (see Matter of Lugo v GNP Brokerage, 185 AD3d 824, 826; Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214; Matter of Naar v City of New York, 161 AD3d 1081, 1083).
Contrary to the petitioner's contention, the respondent did not acquire timely, actual knowledge of the essential facts constituting the petitioner's claim (see Matter of Rios v County of Nassau, 212 AD3d 631; Matter of Robinson v City of New York, 208 AD3d 587, 588). The petitioner's contention that the respondent acquired actual knowledge of the claim based on, inter alia, general and conclusory allegations that the respondent was aware of the identity and job duties of the employees who caused and created the alleged defective condition and were responsible for performing inspections and repairs at the accident location is without merit.
Finally, the petitioner failed to meet her burden of presenting some evidence or plausible argument that supports a finding that the delay would not substantially prejudice the respondent in maintaining its defense on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Robinson v City of New York, 208 AD3d at 588-589; cf. Matter of McGrue v City of New York, 195 AD3d 932; Matter of McVea v County of Orange, 186 AD3d 1221, 1223).
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court