Matter of Ortiz v New York City Tr. Auth. (2024 NY Slip Op 04464)

Matter of Ortiz v New York City Tr. Auth.

2024 NY Slip Op 04464

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-01799
 (Index No. 520933/20)

[*1]In the Matter of Anibal Ortiz, appellant, 
v
New York City Transit Authority, et al., respondents.

Bogoraz Law Group, P.C. (Pollack, Pollack, Isaac and DeCicco, LLP, New York, NY [Brian J. Isaac, Greg Freedman, and Paul H. Seidenstock], of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated July 1, 2021. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
On January 16, 2020, the petitioner allegedly was injured when his vehicle came into contact with a bus owned and operated by the respondents, New York City Transit Authority and Metropolitan Transportation Authority. The period to timely serve a notice of claim was tolled from March 20, 2020, through November 3, 2020, by the executive orders issued during the COVID-19 pandemic (see Matter of Dutra v City of New York, 224 AD3d 682; Espinal v Port Auth. of NY & NJ, 213 AD3d 101, 102). Although the time to serve a timely notice of claim had not expired as of October 2020, the petitioner submitted an order to show cause in October 2020 for leave to serve a late notice of claim on the respondents. However, the petitioner's order to show cause was not signed until January 2021. Thereafter, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460; Matter of Lugo v GNP Brokerage, 185 AD3d 824, 824). In determining whether to grant a petition for leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether "(1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Brown v City of New York, 202 AD3d 783, 783 [internal quotation marks omitted]; see General Municipal Law [*2]§ 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 463).
Here the petitioner demonstrated a reasonable excuse for the delay, i.e., the COVID-19 pandemic, the tolls resulting therefrom, and the delay by the Supreme Court in signing the petitioner's order to show cause.
Further, the petitioners met their burden of providing a plausible argument supporting a finding of no substantial prejudice. The happening of the accident and relevant facts were documented in a police report, and any prejudice was the result of delays resulting from the COVID-19 pandemic, not the petitioner's conduct. Accordingly, the petitioner made the requisite showing of lack of prejudice, and the respondents failed to make a particularized evidentiary showing of substantial prejudice in response (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466).
Under the particular circumstances of this case, the denial of leave to serve a late notice of claim was an improvident exercise of discretion. Accordingly, the Supreme Court should have granted the petition for leave to serve a late notice of claim.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court