Matter of Griffith v New York City Tr. Auth. (2025 NY Slip Op 00961)

Matter of Griffith v New York City Tr. Auth.

2025 NY Slip Op 00961

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-09165
 (Index No. 531134/22)

[*1]In the Matter of Ashley Griffith, respondent, 
v
New York City Transit Authority, et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for appellants.
Decolator, Cohen & DiPrisco, Garden City, NY (Carolyn M. Canzoneri of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc, the New York City Transit Authority and the Metropolitan Transportation Authority appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 17, 2023. The order granted the petition.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
In October 2022, the petitioner served a late notice of claim upon the New York City Transit Authority and the Metropolitan Transportation Authority (hereinafter together the appellants), alleging that he sustained injuries on June 16, 2022, when he slipped and fell on a staircase in a subway station while he was working as a police officer, and commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to deem the late notice of claim timely served nunc pro tunc. In an order dated July 17, 2023, the Supreme Court granted the petition. This appeal ensued.
"Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against the New York City Transit Authority and the Metropolitan Transportation Authority" (Durand v MV Transp., Inc., 186 AD3d 564, 564-565; see Public Authorities Law §§ 1212[2]; 1276[2]; General Municipal Law § 50-e[1][a]). "'In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits'" (Matter of Robinson v City of New York, 208 AD3d 587, 587-588, quoting Matter of Brown v City of New York, 202 AD3d 783, 783; see General Municipal Law § 50-e[5]). "'Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipal entity timely acquired actual knowledge is of great importance'" (Matter of R.M. v Board of Educ. of the Long Beach City Sch. Dist., 212 AD3d 812, 813-814, quoting Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352, 1353).
The evidence submitted in support of the petition failed to establish that the appellants acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. The line of duty injury report, prepared by the petitioner's supervisor at the New York City Police Department on the day after the accident, did not connect the petitioner's injuries to the alleged inadequate drainage and worn-out step upon which the petitioner slipped and fell or which caused the petitioner to slip and fall and cannot be imputed to the appellants (see Matter of Almeida v City of New York, 227 AD3d 890, 892; Durand v MV Transp., Inc., 186 A3d at 565).
The petitioner also failed to provide a reasonable excuse for failing to timely serve the notice of claim (see Matter of Almeida v City of New York, 227 AD3d at 892). Additionally, the petitioner failed to come forward with "some evidence or plausible argument" that the delay in serving the notice of claim did not substantially prejudice the respondents in defending against the action on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 152-153).
We have not considered the petitioner's second affidavit, which was improperly submitted to the Supreme Court by the petitioner for the first time with his reply papers (see Matter of Murnane v New York City Sch. Constr. Auth., 164 AD3d 506, 508).
Accordingly, the Supreme Court should have denied the petition.
The appellants' remaining contention need not be reached in light of our determination.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court