Matter of Grabko v Rye Neck Union Free Sch. Dist. (2025 NY Slip Op 01633)

Matter of Grabko v Rye Neck Union Free Sch. Dist.

2025 NY Slip Op 01633

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-02845
 (Index No. 68270/22)

[*1]In the Matter of Andrii Grabko, appellant,
v
Rye Neck Union Free School District, et al., respondents.

The Bongiorno Law Firm, PLLC (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Henderson & Brennan, White Plains, NY (Brian C. Henderson of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated February 1, 2023. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On June 29, 2022, the petitioner allegedly was injured when he slipped and fell while power washing an awning on a school building at the respondent Daniel Warren Elementary School and owned by the respondent Rye Neck Union Free School District (hereinafter the District). On November 4, 2022, the petitioner served the respondents with a notice of claim. On November 9, 2022, counsel for the respondents rejected the notice of claim as untimely.
On November 15, 2022, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem the notice of claim timely served nunc pro tunc. The respondents opposed the petition. In an order dated February 1, 2023, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipal entity in its defense (see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 460; J.G. v [*2]Academy Charter Elementary Sch., 204 AD3d 643, 644). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipal entity timely acquired actual knowledge is of great importance" (J.G. v Academy Charter Elementary Sch., 204 AD3d at 644; see Matter of Miskin v City of New York, 175 AD3d 684, 685).
Here, the evidence submitted in support of the petition failed to establish that the respondents acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. The involvement of a public corporation's employee in the accident itself, "without more, is not sufficient to establish that the respondents acquired actual notice of the essential facts constituting the claim" (Matter of Vincent v City of New York, 208 AD3d 589, 590; see Matter of Robinson v City of New York, 208 AD3d 587, 588; Matter of D'Agostino v City of New York, 146 AD3d 880, 881). "[C]ourts should not assume that every [public corporation] employee's knowledge of essential facts is necessarily imputed to the [public corporation]" (Matter of Jaime v City of New York, 41 NY3d 531, 540). "Whether a particular employee's actual knowledge is imputable to the municipality involves a fact-specific inquiry committed to the sound discretion of the trial court, whose determination should not be disturbed on appeal so long as it is supported by facts in the record" (id.). Here, the Supreme Court properly determined that the evidence proffered by the petitioner indicating that two custodians employed by the District may have been involved in, witnessed, or were otherwise contemporaneously aware of the petitioner's accident, failed to demonstrate that the respondents had timely actual knowledge of the essential facts constituting the claim (see id.; Matter of Robinson v City of New York, 208 AD3d at 588). Moreover, the petitioner's late notice of claim, served without leave of the court and expressly rejected by the respondents as untimely, did not provide the respondents with actual knowledge of the claim (see Matter of Guerre v New York City Tr. Auth., 226 AD3d 897, 898; Matter of Naar v City of New York, 161 AD3d 1081, 1083).
Further, the petitioner failed to proffer a reasonable excuse for not serving a timely notice of claim. The petitioner's explanation that he was not advised by the first three attorneys he consulted with that he had a viable legal claim does not establish a reasonable excuse. A petitioner's ignorance of the law, including ignorance as to the potential availability of a legal claim, does not constitute a reasonable excuse for failure to serve a timely notice of claim (see Charlot v City of New York, 228 AD3d 720, 721; Matter of Almeida v City of New York, 227 AD3d 890, 892).
The petitioner also failed to meet his initial burden of coming forward with some evidence or plausible argument that the respondents would not be substantially prejudiced (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Lang v County of Nassau, 210 AD3d 773, 775-776; Matter of Moroz v City of New York, 165 AD3d 799, 800).
CHAMBERS, J.P., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court