Matter of Anderson v City of New York (2025 NY Slip Op 02199)

Matter of Anderson v City of New York

2025 NY Slip Op 02199

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-01670
 (Index No. 712447/22)

[*1]In the Matter of Joneil Anderson, appellant,
v
City of New York, et al., respondents-respondents, et al., respondent.

Gambone Law Group, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Jesse A. Townsend of counsel), for respondents-respondents City of New York and New York City Fire Department.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered January 26, 2023. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On October 11, 2021, the petitioner allegedly was injured when the vehicle he was operating was struck by a vehicle owned by the respondents City of New York and New York City Fire Department and operated by the respondent Michael White. On June 13, 2022, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the respondents. In an order entered January 26, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation . . . the notice of claim shall comply with and be served . . . within ninety days after the claim arises" (General Municipal Law § 50-e[1][a]). "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (Matter of Ippolito v City of New York, 230 AD3d 683, 683-684 [internal quotation marks omitted]; see Matter of Simpson v City of New York, 222 AD3d 986, 986). "'Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance'" (Matter of Ippolito v City of New York, 230 AD3d at 684, quoting Matter of C.N. v City of New York, 208 AD3d 784, 785; see Matter of Roman v New York City Hous. Auth., 212 AD3d 816, 818).
Here, the petitioner failed to demonstrate a reasonable excuse for his failure to serve a timely notice of claim (see Matter of Sumi v Village of Stewart Manor, 219 AD3d 490, 491; Matter of Robinson v City of New York, 208 AD3d 587, 588). Further, the evidence submitted by the petitioner did not establish that the respondents had actual knowledge of the essential facts constituting the claim within the requisite period or a reasonable time thereafter (see Matter of Lang v County of Nassau, 210 AD3d 773, 775; Matter of Grandberry v City of New York, 206 AD3d 654, 655). Finally, the petitioner failed to meet his initial burden of demonstrating that the respondents would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Molme v New York City Tr. Auth., 177 AD3d 601, 602; Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725, 727).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court