Matter of Hudson v City of Newburgh (2025 NY Slip Op 05951)

Matter of Hudson v City of Newburgh

2025 NY Slip Op 05951

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-07875
 (Index No. 2588/23)

[*1]In the Matter of Dequan Hudson, appellant,
v
City of Newburgh, et al., respondents-respondents, et al., respondents.

Worby Vecchio Edelman, LLP, White Plains, NY (Richard S. Vecchio of counsel), for appellant.
Sokoloff Stern LLP, Poughkeepsie, NY (Kimberly Hunt Lee and Marissa Embola of counsel), for respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Orange County (David S. Zuckerman, J.), dated May 24, 2023. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On January 28, 2022, the petitioner allegedly was injured during an altercation with certain police officers employed by the respondents City of Newburgh and City of Newburgh Police Department (hereinafter together the City respondents). In April 2023, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim upon the City respondents, among others. By order dated May 24, 2023, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"A party seeking to sue a public corporation must serve a notice of claim on the public corporation within 90 days after the claim arises" (Matter of Clarke v Veolia Transp. Servs., Inc., 204 AD3d 666, 667; see General Municipal Law § 50-e[1][a]). "In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in its defense" (Etienne v City of New York, 189 AD3d 1400, 1401).
Here, the petitioner failed to demonstrate a reasonable excuse for his failure to timely serve a notice of claim. The petitioner's conclusory assertions regarding having only intermittent cell phone access and his attorney's family medical issues, without supporting documentation or evidence, were insufficient to constitute a reasonable excuse (see generally Matter of Crowder v New York City Sch. Constr. Auth., 230 AD3d 490, 491). The petitioner also failed to demonstrate that [*2]the City respondents had "actual knowledge of the essential facts constituting [his] claim" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 149). The involvement of police officers employed by the City respondents in the alleged altercation, without more, did not establish actual knowledge, as "[u]nsubstantiated and conclusory allegations that the municipality acquired timely actual knowledge of the essential facts constituting the claim through the contents of reports and other documentation are insufficient" (Parker v City of New York, 206 AD3d 936, 938). "Moreover, the mere alleged existence of [other police] reports and records, without evidence of their content, is insufficient to impute actual knowledge" (id.; see Matter of Nicholson v City of New York, 166 AD3d 979, 980). The petitioner also failed to present any evidence or persuasive argument supporting a finding that the City respondents were not substantially prejudiced by the nearly one-year delay from the expiration of the applicable 90-day statutory period until the commencement of this proceeding (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; Matter of Nicholson v City of New York, 166 AD3d at 981).
Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court