Matter of Munford v Metropolitan Transp. Auth. (2025 NY Slip Op 07008)

Matter of Munford v Metropolitan Transp. Auth.

2025 NY Slip Op 07008

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-04109
2023-04969
 (Index No. 501833/23)

[*1]In the Matter of Tyrone Munford, appellant,
v
Metropolitan Transportation Authority, et al., respondents.

Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated February 9, 2023, and (2) an order of the same court dated March 9, 2023. The order dated February 9, 2023, in effect, denied the petition. The order dated March 9, 2023, insofar as appealed from, in effect, again denied the petition.
ORDERED that the appeal from the order dated February 9, 2023, is dismissed, as that order was superseded by the order dated March 9, 2023; and it is further,
ORDERED that the order dated March 9, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
On November 24, 2021, the petitioner allegedly was injured when his bicycle came into contact with a bus owned and operated by the respondents, Metropolitan Transportation Authority and New York City Transit Authority. On January 18, 2023, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. In an order dated February 9, 2023, the Supreme Court, in effect, denied the petition. Thereafter, in an order dated March 9, 2023, the court, inter alia, in effect, again denied the petition. The petitioner appeals.
"A notice of claim generally must be served upon a public corporation within ninety days of the claim's accrual" (Matter of Sinclair v City of New York, 234 AD3d 973, 974; see General Municipal Law § 50-e[1][a]; Matter of Jaime v City of New York, 41 NY3d 531, 539). "However, the court, 'in its discretion, may grant an application extending the time to serve a notice of claim as long as the application is made within the limitations period for commencing the action, including any tolls or extensions'" (Matter of Sinclair v City of New York, 234 AD3d at 974 [internal quotation marks omitted], quoting Plaza v New York City Health & Hosps. Corp. [Jacobi Med. Ctr.], 21 NY3d [*2]983, 984). "In determining whether to grant . . . leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether '(1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits'" (Matter of Ortiz v New York City Tr. Auth., 230 AD3d 1243, 1243-1244, quoting Matter of Brown v City of New York, 202 AD3d 783, 783; see General Municipal Law § 50-e[5]; Matter of Akangi v New York City Health & Hosps. Corp., 233 AD3d 777, 778). "'Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance'" (Matter of Ippolito v City of New York, 230 AD3d 683, 684, quoting Matter of C.N. v City of New York, 208 AD3d 784, 785).
Here, the petitioner failed to demonstrate that the respondents had actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148; see Matter of Ippolito v City of New York, 230 AD3d at 684; Matter of D'Agostino v City of New York, 146 AD3d 880, 880-881). "'Unsubstantiated and conclusory assertions that the municipality acquired timely actual knowledge of the essential facts constituting the claim through the contents of reports and other documentation are insufficient'" (Matter of Ippolito v City of New York, 230 AD3d at 684, quoting Lobos v City of New York, 219 AD3d 720, 721-722).
Contrary to the petitioner's contention, a police accident report did not provide the respondents with actual knowledge of the facts constituting the petitioner's claim that he sustained serious injuries as a result of the respondents' negligence, as it did not contain facts from which it could be readily inferred that a potentially actionable wrong had been committed by the respondents (see Matter of Clarke v Veolia Transp. Servs., Inc., 204 AD3d 666, 667; Matter of Ibrahim v New York City Tr. Auth., 202 AD3d 786, 787; Etienne v City of New York, 189 AD3d 1400, 1402; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850). Moreover, the alleged existence of an internal incident report created by the respondents relating to the accident, without evidence of the report's contents, was insufficient to impute actual knowledge of the essential facts constituting the claim to the respondents (see Matter of Ippolito v City of New York, 230 AD3d at 685; Etienne v City of New York, 189 AD3d at 1402). Further, the petitioner's contention that the respondents had actual knowledge of his claim because their employee was directly involved in the accident, without more, is without merit (see Etienne v City of New York, 189 AD3d at 1402; Matter of D'Agostino v City of New York, 146 AD3d at 881-882; Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 977). The petitioner's application for no-fault benefits was also insufficient to satisfy the notice of claim requirements of General Municipal Law § 50-e (see Matter of Clarke v Veolia Transp. Servs., Inc., 204 AD3d at 668; Matter of Ibrahim v New York City Tr. Auth., 202 AD3d at 788).
The petitioner also failed to demonstrate a reasonable excuse for his failure to serve a timely notice of claim upon the respondents. The petitioner's delay in serving a notice of claim was the result of law office failure by his attorney, which, under the circumstances, was not a reasonable excuse (see Matter of Sumi v Village of Stewart Manor, 219 AD3d 490, 491; Matter of Naar v City of New York, 161 AD3d 1081, 1083). In addition, the petitioner failed to present any evidence or plausible argument that supported a finding that his delay in serving a notice of claim would not substantially prejudice the respondents in defending against his claim on the merits (see Matter of Ibrahim v New York City Tr. Auth., 202 AD3d at 788; Matter of Lugo v GNP Brokerage, 185 AD3d 824, 826).
Accordingly, the Supreme Court providently exercised its discretion in, in effect, denying the petition.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court